# In the United States Court of Federal Claims

No. 09-33305

(Filed: June 2, 2023)[1]

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| ****************************************** | | |
| CHARLES M. ADAMS, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*. |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| ****************************************** | | |

*Robert M. Benzies*, Nipomo, CA; *Ernest W. Henderson*, Oakland, CA, each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

    Robert M. Benzies and Ernest W. Henderson are two of several retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. On September 28, 2022, the government moved to dismiss their respective claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 52]. In its motion, the government explained that, on review of the available evidence, it appears that Mr. Benzies and Mr. Henderson each retired in 2001, not in 2002 like the other plaintiffs in this case. *Id*. at 1 n.1. Therefore, the government filed a separate motion to dismiss addressing only the complaints of Mr. Benzies and Mr. Henderson.[2] Both Mr. Benzies and Mr. Henderson opposed the government's motion to dismiss on the same grounds raised by the plaintiffs who retired in

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

[2] The government filed a motion to dismiss the complaints of the other plaintiffs in this case, each of whom retired in 2002, on the day after the government filed its motion to dismiss Mr. Benzies's and Mr. Henderson's complaints. *See* Def.'s Mot. to Dismiss 2002 Pls. [ECF 53].

2002.[3] 2002 Pls.'s Resp. to Def.'s Mot. to Dismiss [ECF 54]; Robert M. Benzies & Ernest W. Henderson Resp. to Def.'s Reply [ECF 58]. On May 31, 2023, the Court issued a Memorandum Opinion and Order dismissing the complaints of the United Airlines pilots who retired in 2001. *See Allen, et. al v. United States*, 09-33304, 2023 WL 3737120 (Fed. Cl. May 31, 2023). Because the evidence shows that Mr. Benzies and Mr. Henderson each retired in 2001, like the plaintiffs in *Allen*, the Court concludes that it lacks subject matter jurisdiction over their respective claims for the same reasons set forth in *Allen*.[4]

Robert M. Benzies retired from United Airlines in October 2001.[5] *See* More Definite Statement for Robert M. Benzies [ECF 21-1] at 4. At the time of his retirement, his non-qualified deferred compensation benefits were estimated to be valued at $564,570.24 with a FICA tax assessment of $8,186.27. *Id*. at 5. Due to the United Airlines bankruptcy, he only received $195,280.77 in benefits. *Id*. at 4. Mr. Benzies filed a refund claim of $4,105.05 with the IRS for the Hospital Insurance ("HI") portion of the FICA tax. *Id*. at 1. His refund claim was dated November 27, 2007, and it was stamped received by the IRS on December 10, 2007. *Id*.

Ernest W. Henderson retired from United Airlines in 2001.[6] *See* More Definite Statement for Ernest W. Henderson [ECF 31-1] at 1, 6. At the time of his retirement, his non-qualified deferred compensation benefits were estimated to be valued at $475,276.53 with a FICA tax assessment of $6,891.51. *Id*. at 3. Due to the United Airlines bankruptcy, he only received $171,217.27 in benefits. *Id*. at 6. Mr. Henderson filed a refund claim of $4,408.86 with the IRS for the HI portion of the FICA tax. *Id*. at 1. His refund claim was dated December 24, 2007, and it was postmarked for mailing to the IRS on December 28, 2007. *Id*. at 1, 8.

As explained in *Allen*, this Court possesses jurisdiction over claims for tax refunds provided the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One

---

[3] The government filed a reply to its motion to dismiss on December 15, 2022, in which the government requests that the Court treat its motion to dismiss as unopposed because, at that time, Mr. Benzies and Mr. Henderson had not filed a response. Def.'s Reply to Mot. to Dismiss Robert M. Benzies & Ernest W. Henderson [ECF 56]. Thereafter, on December 19, 2022, Mr. Benzies and Mr. Henderson filed a response to the government's motion to dismiss, which explained that they had each given "written, email approval to the [2002 Plaintiff committee] to attach their electronic signatures to the [r]esponse to [the government's] dismissal motion" and that the committee is responsible for not including their signatures on the signature page of the response. [ECF 58]. On December 21, 2022, the Court filed Mr. Benzies' and Mr. Henderson's responses by leave of the Judge and stated that it would "consider Mr. Benzies and Mr. Henderson to have joined the [2002] Plaintiffs' response [ECF 54] and made the same arguments in response to Defendant's motion to dismiss their claims." Dec. 21, 2022 Order [ECF 57].

[4] The 2001 Plaintiffs in *Allen* raise the same arguments in opposition to the government's motion to dismiss as the 2002 Plaintiffs, Mr. Benzies and Mr. Henderson raise in this case. *See* [ECF 54] at 1; [ECF 58]; 2001 Pls.'s Resp. to Def.'s Mot to Dismiss, *Allen, at al. v. United States*, No. 09-33304 [ECF 24] at 1.

[5] The administrative tax refund claim form filed by Mr. Benzies, [ECF 21-1] at 4, shows that he began to receive plan payments on November 1, 2001, which supports the conclusion that Mr. Benzies retired in October 2001. Mr. Benzies does not dispute this retirement date.

[6] The administrative tax refund claim form and attached documentation filed by Mr. Henderson, [ECF 31-1] at 1, 6, shows that he began to receive plan payments on September 1, 2001, which supports the conclusion that Mr. Henderson retired in 2001. Mr. Henderson does not dispute this retirement date.

of those requirements is that the plaintiff must timely file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under I.R.C. § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a).

Thus, as detailed in *Allen*, the United Airlines pilots who retired in 2001 were required by I.R.C. § 6511 to file their refund claims with the IRS by April 15, 2005—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See Allen*, 2023 WL 3737120, at *6. The earliest that Mr. Benzies filed his refund claim was December 10, 2007, *see* [ECF 21-1] at 1, and the earliest that Mr. Henderson filed his refund claim was December 28, 2007, *see* [ECF 31-1] at 8. Because neither Mr. Benzies nor Mr. Henderson timely filed their respective tax refund claims as required by § 6511, the Court lacks jurisdiction to consider their tax refund suits, and their complaints must be dismissed.[7]

Accordingly, the government's motion to dismiss [ECF 52] is **GRANTED**. The complaints of Robert M. Benzies and Ernest W. Henderson are **DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against Mr. Benzies and Mr. Henderson.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>
THOMPSON M. DIETZ, Judge

---

[7] With respect to the additional arguments raised by the 2002 Plaintiffs, Mr. Benzies, and Mr. Henderson in opposition to the government's motion to dismiss, *see* [ECF 54] at 2-6, the Court rejected these arguments in *Allen*, 2023 WL 3737120, at *7.