# In the United States Court of Federal Claims

No. 09-33305
(Filed: June 2, 2023)[1]

**NOT FOR PUBLICATION**

```
****************************************
CHARLES M. ADAMS, et al.,            *
                                     *
            Plaintiffs,              *       RCFC 12(b)(1); Lack of Subject-
                                     *       Matter Jurisdiction; Federal Insurance
      v.                             *       Contributions Act ("FICA"); Tax
                                     *       Refund Claim; Statute of Limitations;
THE UNITED STATES,                   *       I.R.C. § 6511; Pro Se.
                                     *
            Defendant.               *
****************************************
```

*Charles M. Adams*, Porto Valley, CA; *James R. Allen*, Elverson, PA; *Louis C. Atkins*, Senoia, GA; *William C. Barham*, Laguna Niguel, CA; *Clifford K. Barnes*, Madisonville, LA; *Donald A. Blanchard*, Fort Collins, CO; *George M. Bleyle (on behalf of George A. Bleyle, Jr.)*, Philomont, VA; *Curtis E. Calhoun*, Bainbridge Island, WA; *Martha L. Christiansen (on behalf of Carl R. Christiansen)*, Incline Village, NV; *Constance C. Church (on behalf of Stephen H. Church)*, Standpoint, ID; *George E. Cline*, Escondido, CA; *John M. Corradi*, Rixeyville, VA; *Frederick C. Dubinsky*, Hunting Valley, OH; *David J. Fahrenback*, Tacoma, WA; *Michael W. Fitch*, Clearville, PA; *Peter H. Friedman*, Edgewater, MD; *Wayne E. Gate*, Westlake Village, CA; *Milton F. Gray*, Poplar Grove, IL; *Carol A. Halstead (on behalf of Jay A. Halstead)*, Las Vegas, NV; *James L. Holbrook*, Gurnee, IL; *Carl G. Householder*, Tucson, AZ; *Robert T. Hughes*, Warner Robins, GA; *Philip E. Jach*, Hudson, OH; *Arthur C. Jackson*, Sarasota, FL; *Patrick F. Keeley*, Idaho Falls, ID; *Michael J. McBride*, Anthem, AZ; *Lawrence J. McClure*, Punta Gorda, FL; *Thomas B. Mezger, Jr.*, Parker, CO; *Joe C. Minick*, Lake City, FL; *Molly L. McGrew (on behalf of Richard W. Mitchell)*, Lake Oswego, OR; *Clarence A. Mumford*, Parrish, FL; *Judy A. O'Daniel (on behalf of Samuel C. O'Daniel)*, Evergreen, CO; *Darrell A. Rader*, Concord, NC; *Michael D. Reich*, Tucson, AZ; *David L. Ringwalt, Jr.*, Westlake, OH; *Michael J. Severson*, Bayport, NY; *Robert Stabile*, Spring Hill, TN; *Richard E. Swanson*, Bainbridge Island, WA; each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

## MEMORANDUM OPINION AND ORDER[2]

**DIETZ, Judge.**

Thirty-eight United Airlines pilots who retired in 2002 (collectively, the "2002 Plaintiffs")—each proceeding *pro se*—seek refunds of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their retirements based on the estimated value of their non-qualified deferred compensation benefits.[3] Before the Court is the government's motion to dismiss the individual complaints of the 2002 Plaintiffs for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that each of the 2002 Plaintiffs failed to timely file their tax refund claims with the Internal Revenue Service ("IRS") as required by section 6511 of the Internal Revenue Code ("I.R.C."), the Court lacks jurisdiction to hear their complaints. Accordingly, the government's motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a non-qualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. I.R.C. § 3121(v)(2)(a)(ii). Furthermore, for a nonaccount balance plan—the type of nonqualified deferred compensation plan held by each of the 2002 Plaintiffs—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of

---

[2] This Memorandum Opinion and Order is nearly identical to the Memorandum Opinion and Order issued by the Court on December 28, 2022, in *Biestek v. United States*, 09-33301 and the Memorandum Opinion and Order issued by the Court on April 24, 2023, in *DiCicco, et al. v. United States*, 09-33303. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022); *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023). It has been modified to reflect the individual retirement years and circumstances of the 2002 Plaintiffs.

[3] The 2002 Plaintiffs are: Charles M. Adams; James R. Allen; Louis C. Atkins; William C. Barham; Clifford K. Barnes; Donald A. Blanchard; George M. Bleyle (on behalf of George A. Bleyle, Jr.); Curtis E. Calhoun; Martha L. Christiansen (on behalf of Carl R. Christiansen); Constance C. Church (on behalf of Stephen H. Church); George E. Cline; John M. Corradi; Frederick C. Dubinsky; David J. Fahrenback; Michael W. Fitch; Peter H. Friedman; Wayne E. Gate; Milton F. Gray; Carol A. Halstead (on behalf of Jay A. Halstead); James L. Holbrook; Carl G. Householder; Robert T. Hughes; Philip E. Jach; Arthur C. Jackson; Patrick F. Keeley; Michael J. McBride; Lawrence J. McClure; Thomas B. Mezger, Jr.; Joe C. Minick; Molly L. McGrew (on behalf of Richard W. Mitchell); Clarence A. Mumford; Judy A. O'Daniel (on behalf of Samuel C. O'Daniel); Darrell A. Rader; Michael D. Reich; David L. Ringwalt, Jr.; Michael J. Severson; Robert Stabile; and Richard E. Swanson.

the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Each of the 2002 Plaintiffs is a former United Airlines pilot who retired in 2002 with a non-qualified deferred compensation plan. *See* More Definite Statement for Charles M. Adams [ECF 18-1] at 2; More Definite Statement for James R. Allen [ECF 19-1] at 8; Louis C. Atkins Short Form Compl., *Koopmann, et al. v. United States*, No. 09-333, [ECF 390] at 9; More Definite Statement for William C. Barham [ECF 20-1] at 2; More Definite Statement for Clifford K. Barnes [ECF 40-1] at 4; More Definite Statement for Donald A. Blanchard [ECF 22-1] at 2; More Definite Statement for George M. Bleyle (on behalf of George A. Bleyle, Jr.) [ECF 23-1] at 1; More Definite Statement for Curtis E. Calhoun [ECF 24-1] at 1; More Definite Statement for Martha L. Christiansen (on behalf of Carl R. Christiansen) [ECF 25-1] at 1; More Definite Statement for Constance C. Church (on behalf of Stephen H. Church) [ECF 26-1] at 1; More Definite Statement for George E. Cline [ECF 50-1] at 14; More Definite Statement for James M. Corradi [ECF 27-1]; More Definite Statement for Frederick C. Dubinsky [ECF 3] at 3; More Definite Statement for David J. Fahrenbach [ECF 41-1] at 2; More Definite Statement for Michael W. Fitch [ECF 28-1] at 1; More Definite Statement for Peter H. Friedman [ECF 29-1] at 1; More Definite Statement for Wayne E. Gate [ECF 42-1] at 1; More Definite Statement for Milton F. Gray [ECF 30-1] at 2; More Definite Statement for Carol A. Halstead (on behalf of Jay A. Halstead) [ECF 9-2] at 2-3; More Definite Statement for James L. Holbrook [ECF 32-1] at 1; More Definite Statement for Carl G. Householder [ECF 44-1] at 1; More Definite Statement for Robert T. Hughes [ECF 45-1] at 2; More Definite Statement for Philip E. Jach [ECF 46-1] at 1; More Definite Statement for Arthur C. Jackson [ECF 47-1] at 1; More Definite Statement for Patrick F. Keeley [ECF 33-1] at 1; More Definite Statement for Michael J. McBride [ECF 34-1] at 1; More Definite Statement for Lawrence J. McClure [ECF 43-1] at 1; More Definite Statement for Thomas B. Mezger, Jr. [ECF 35-1] at 1; More Definite Statement for Joe C. Minick [ECF 36-1] at 1; More Definite Statement for Molly McGrew (on behalf of Richard W. Mitchell) [ECF 37-1] at 1; More Definite Statement for Clarence A. Mumford [ECF 38-1] at 1; Clarence A. Mumford Short Form Compl., *Koopmann*, No. 09-333, [ECF 441] at 3; More Definite Statement for Judith A. O'Daniel (on behalf of Samuel C. O'Daniel) [ECF 10-1] at 1; Darrell A. Rader Short Form Compl., *Koopmann*, No. 09-333, [ECF 447] at 2; More Definite Statement for Michael D. Reich [ECF 48-1] at 1; More Definite Statement for David L. Ringwalt, Jr. [ECF 12-2]; More Definite Statement for Michael J. Severson [ECF 51-1] at 3; More Definite Statement for Robert A. Stabile [ECF 39-1] at 1; More Definite Statement for Richard Swanson [ECF 49-1] at 1; Richard Swanson Short Form Compl., *Koopmann*, No. 09-333, [ECF 472] at 3.

Pursuant to the special timing rule, United Airlines paid the FICA taxes on behalf of each of the 2002 Plaintiffs at the time of their respective retirements in 2002. *See* [ECF 18-1] at 3 (Adams); [ECF 19-1] at 11 (Allen); *Koopmann*, No. 09-333, [ECF 390] at 10 (Atkins); [ECF 20-1] at 3 (Barham); [ECF 40-1] at 6 (Barnes); [ECF 22-1] at 4 (Blanchard); [ECF 23-1] at 5 (Bleyle); [ECF 24-1] at 1, 6 (Calhoun); [ECF 25-1] at 2 (Christiansen); [ECF 26-1] at 1, 10

(Church); [ECF 50-1] at 2 (Cline); [ECF 27-1] at 4 (Corradi); [ECF 3-1] at 1 (Dubinsky); [ECF 41-1] at 3 (Fahrenbach); [ECF 28-1] at 3 (Fitch); [ECF 29-1] at 1 (Friedman); [ECF 42-1] at 6 (Gate); [ECF 30-1] at 3 (Gray); [ECF 9-1] at 3 (Halstead); [ECF 32-1] at 3 (Holbrook); [ECF 44-1] at 7 (Householder); [ECF 45-1] at 5 (Hughes); [ECF 46-1] at 16 (Jach); [ECF 47-1] at 3 (Jackson);  [ECF 33-1] at 2 (Keeley); [ECF 34-1] at 1 (McBride); [ECF 43-1] at 2 (McClure); [ECF 35-1] at 3 (Mezger); [ECF 36-1] at 4 (Minick); [ECF 37-1] at 4 (Mitchell); [ECF 38-1] at 2 (Mumford); [ECF 10-1] at 5 (O'Daniel); *Koopmann*, No. 09-333, [ECF 447] at 2 (Rader); [ECF 48-1] at 4 (Reich);  [ECF 12-2] at 1 (Ringwalt); [ECF 51-1] at 1 (Severson); [ECF 39-1] at 1 (Stabile); [ECF 49-1] at 8 (Swanson).

However, United Airlines subsequently filed for bankruptcy, and the 2002 Plaintiffs did not receive the full amount of their respective benefits that they expected to receive under their non-qualified deferred compensation plans.[4] [ECF 18-1] at 2 (Adams); [ECF 19-1] at 8 (Allen); *Koopmann*, No. 09-333, [ECF 390] at 9 (Atkins); [ECF 20-1] at 2 (Barham); [ECF 40-1] at 4-6 (Barnes); [ECF 22-1] at 2 (Blanchard); [ECF 23-1] at 1 (Bleyle); [ECF 24-1] at 1 (Calhoun); [ECF 25-1] at 2-3 (Christiansen); [ECF 26-1] at 1 (Church); [ECF 50-1] at 15 (Cline); [ECF 27-1] at 7 (Corradi); [ECF 3] at 1-2 (Dubinsky); [ECF 41-1] at 1 (Fahrenbach); [ECF 28-1] at 2 (Fitch); [ECF 29-1] at 1 (Friedman); [ECF 42-1] at 1-3 (Gate); [ECF 30-1] at 1 (Gray); [ECF 9-1] at 3 (Halstead); [ECF 32-1] at 2 (Holbrook); [ECF 44-1] at 6 (Householder); [ECF 45-1] at 3-4 (Hughes); [ECF 45-1] at 2-3 (Jach); [ECF 47-1] at 2 (Jackson); [ECF 33-1] at 1 (Keeley); [ECF 34-1] at 1-2 (McBride); [ECF 43-1] at 1 (McClure);  [ECF 35-1] at 1-2 (Mezger); [ECF 36-1] at 4 (Minick); [ECF 37-1] at 2-3 (Mitchell); [ECF 38-1] at 1 (Mumford); [ECF 10-1] at 2-3 (O'Daniel); *Koopmann*, No. 09-333, [ECF 447] at 2 (Rader); [ECF 48-1] at 2 (Reich); [ECF 12-2] at 1 (Ringwalt); [ECF 51-1] at 4-5 (Severson); [ECF 39-1] at 1 (Stabile); [ECF 49-1] at 1-2 (Swanson).

Following the bankruptcy, United Airlines decided not to seek a refund of the FICA taxes paid on the respective deferred benefits of the 2002 Plaintiffs and advised them to file an individual refund claim with the IRS if they believed that they were entitled to a refund. *See* [ECF 18-1] at 7 (Adams); [ECF 19-1] at 23 (Allen); *Koopmann*, No. 09-333, [ECF 390] at 9 (Atkins); [ECF 20-1] at 11 (Barham); [ECF 40-1] at 4-6 (Barnes); [ECF 22-1] at 3 (Blanchard); [ECF 23-1] at 3 (Bleyle); [ECF 24-1] at 7 (Calhoun); [ECF 25-1] at 5 (Christiansen); [ECF 26-1] at 1 (Church); [ECF 50-1] at 23 (Cline); [ECF 27-1] at 6 (Corradi); [ECF 41-1] at 12 (Fahrenbach); [ECF 28-1] at 12 (Fitch); [ECF 29-1] at 2 (Friedman); [ECF 42-1] at 2 (Gate); [ECF 30-1] at 1 (Gray);; [ECF 32-1] at 5 (Holbrook); [ECF 44-1] at 8 (Householder); [ECF 45-1] at 4 (Hughes); [ECF 46-1] at 4 (Jach); [ECF 47-1] at 17 (Jackson); [ECF 33-1] at 16 (Keeley); [ECF 34-1] at 9 (McBride);; [ECF 35-1] at 7 (Mezger); [ECF 36-1] at 4 (Minick); [ECF 37-1] at 5 (Mitchell); [ECF 38-1] at 3 (Mumford); [ECF 10-1] at 4 (O'Daniel); *Koopmann*, No. 09-333,; [ECF 48-1] at 9 (Reich); [ECF 12-2] at 5 (Ringwalt); [ECF 51-1] at 6 (Severson); [ECF 39-1] at 1 (Stabile); [ECF 49-1] at 13 (Swanson).[5] Each of the 2002 Plaintiffs proceeded to file an individual refund claim with the IRS, the details of which are provided below:

---

[4] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

[5] These citations demonstrate that each of the 2002 Plaintiffs either received a letter from United Airlines stating that United Airlines would not seek a refund of FICA taxes on their behalf and that they should file a claim with the IRS

- Charles M. Adams retired from United Airlines on December 31, 2002. *See* [ECF 18-1] at 2. At the time of his retirement, Mr. Adams' non-qualified deferred compensation benefits were estimated to be valued at $881,423.84 with a FICA tax assessment of $12,780.65. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Adams only received $166,722 in benefits. *Id*. at 2. Mr. Adams filed a refund claim of $10,363.18 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked March 23, 2007. *Id*. at 1.

- James R. Allen retired from United Airlines on June 30, 2002. *See* [ECF 19-1] at 4. At the time of his retirement, Mr. Allen's non-qualified deferred compensation benefits were estimated to be valued at $750,735.70 with a FICA tax assessment of $10,885.65. *Id*. at 11. Due to the United Airlines bankruptcy, Mr. Allen only received $377,667.61 in benefits. *Id*. at 4. Mr. Allen filed a refund claim of $5,409.47 with the IRS for the HI portion of the FICA tax, and the refund claim was dated October 22, 2007. *Id.* at 7. Mr. Allen also filed an amended refund claim dated December 4, 2007 and stamped received by the IRS on December 11, 2007. *Id.* at 6-7.

- Louis C. Atkins retired from United Airlines on October 1, 2002. *See Koopmann*, No. 09-333 [ECF 390] at 9. At the time of his retirement, Mr. Atkins' non-qualified deferred compensation benefits were estimated to be valued at $675,869.94 with a FICA tax assessment of $9,799.98. *Id*. at 10. Due to the United Airlines bankruptcy, Mr. Atkins only received $157,506.55 in benefits. *Id*. at 9. Mr. Atkins filed a refund claim of $7,516.14 with the IRS for the HI portion of the FICA tax, and the refund claim was dated June 1, 2007. *Id.*

- William C. Barham retired from United Airlines on May 1, 2002. *See* [ECF 20-1] at 2. At the time of his retirement, Mr. Barham's non-qualified deferred compensation benefits were estimated to be valued at $681,471.28 with a FICA tax assessment of $9,881.33. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Barham only received $233,608 in benefits. *Id*. at 2. Mr. Barham filed a refund claim of $6,494 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 26, 2007. *Id*. at 1.

- Clifford K. Barnes retired from United Airlines on September 1, 2002. *See* [ECF 40-1] at 2. At the time of his retirement, Mr. Barnes' non-qualified deferred compensation benefits were estimated to be valued at $791,996.14 with a FICA tax assessment of $11,484. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Barnes only received $252,553.79 in benefits. *Id*. at 5. Mr. Barnes filed a refund

---

if they believed that they were entitled to a refund or unsuccessfully attempted to obtain a refund through United Airlines. However, the information submitted by Mr. Dubinsky, Ms. Halstead, Mr. McClure, and Mr. Rader does not contain a letter from United Airlines or otherwise demonstrate that they unsuccessfully attempted to obtain a refund through United Airlines. *See generally* [ECF 3] (Dubinsky); [ECF 9] (Halstead); [ECF 43-1] (McClure); [ECF 447] (Rader). This missing information is not necessary for the Court to determine whether it has jurisdiction over their respective complaints.

claim of $7,821.91 with the IRS for the HI portion of the FICA tax, and the refund claim was dated February 10, 2010 and stamped received by the IRS on February 16, 2010. *Id*. at 4.

- Donald A. Blanchard retired from United Airlines in 2002. *See* [ECF 22-1] at 2. At the time of his retirement, Mr. Blanchard's non-qualified deferred compensation benefits were estimated to be valued at $560,229.31 with a FICA tax assessment of $8,123.32. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. Blanchard only received $204,229.80 in benefits. *Id*. at 2. Mr. Blanchard filed a refund claim of $5,151.99 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 26, 2007 and stamped received by the IRS on January 15, 2008. *Id*. at 1.

- George A. Bleyle, Jr. retired from United Airlines in 2002. *See* [ECF 23-1] at 1. At the time of his retirement, Mr. Bleyle's non-qualified deferred compensation benefits were estimated to be valued at $693,166.34 with a FICA tax assessment of $10,050.91. *Id*. at 5. Due to the United Airlines bankruptcy, Mr. Bleyle only received $240,201.61 in benefits. *Id*. at 1. Mr. Bleyle filed a refund claim of $6,567.99 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked May 1, 2007. *Id*. at 1, 10.

- Curtis E. Calhoun retired from United Airlines on December 30, 2002. *See* [ECF 24-1] at 1. At the time of his retirement, Mr. Calhoun's non-qualified deferred compensation benefits were estimated to be valued at $687,483 with a FICA tax assessment of $9,969.00. *Id*. Due to the United Airlines bankruptcy, Mr. Calhoun only received $125,999.00 in benefits. *Id*. Mr. Calhoun filed a refund claim of $8,142 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked November 7, 2007. *Id*. at 1, 8.

- Carl R. Christiansen retired from United Airlines on April 1, 2002. *See* [ECF 25-1] at 2. At the time of his retirement, Mr. Christiansen's non-qualified deferred compensation benefits were estimated to be valued at $783,731.20 with a FICA tax assessment of $11,364.10. *Id*. Due to the United Airlines bankruptcy, Mr. Christiansen only received $258,540.50 in benefits. *See id*. at 2-3. Martha L. Christiansen (on behalf of Mr. Christiansen) filed a refund claim of $7,615.27 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 16, 2007 and stamped received by the IRS on December 21, 2007. *Id*. at 1.

- Stephen H. Church retired from United Airlines on December 31, 2002. *See* [ECF 26-1] at 1. At the time of his retirement, Mr. Church's non-qualified deferred compensation benefits were estimated to be valued at $588,958.60 with a FICA tax assessment of $8,539.90. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. Church only received $106,405.86 in benefits. *Id*. at 3. Mr. Church filed a refund claim of $6,995.90 with the IRS for the HI portion of the FICA tax, and the

> refund claim was dated September 19, 2007 and stamped received by the IRS on October 3, 2007. *Id*. at 1, 2.

- George E. Cline retired from United Airlines on December 31, 2002. *See* [ECF 50-1] at 8. At the time of his retirement, Mr. Cline's non-qualified deferred compensation benefits were estimated to be valued at $419,849.88 with a FICA tax assessment of $7,120.65. *Id*. at 1. Due to the United Airlines bankruptcy, Mr. Cline only received $104,314.46 in benefits. *Id*. at 1. Mr. Cline filed a refund claim of $5,608 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 10, 2007. *Id*. at 10, 14.

- John M. Corradi retired from United Airlines in 2002. *See* [ECF 27-1] at 3. At the time of his retirement, Mr. Corradi's non-qualified deferred compensation benefits were estimated to be valued at $759,639.40 with a FICA tax assessment of $11,014.77. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. Corradi did not receive all his benefits. *Id*. at 7. Mr. Corradi filed a refund claim of $10,083 with the IRS for the HI portion of the FICA tax, and the refund claim was dated April 27, 2009 and stamped received by the IRS on May 4, 2009. *Id.* at 1-2

- Frederick C. Dubinsky retired from United Airlines on November 30, 2002. *See* [ECF 3] at 1. At the time of his retirement, Mr. Dubinsky's non-qualified deferred compensation benefits were estimated to be valued at $972,418.34 with a FICA tax assessment of $14,100.07. [ECF 3-1] at 1. Due to the United Airlines bankruptcy, Mr. Dubinsky only received $260,756.83 in benefits. [ECF 3] at 4. Mr. Dubinsky filed a refund claim of $10,319 with the IRS for the HI portion of the FICA tax, and the refund claim was dated May 2, 2007. *Id*. at 3.

- David J. Fahrenbach retired from United Airlines on June 30, 2002. *See* [ECF 41-1] at 1. At the time of his retirement, Mr. Fahrenbach's non-qualified deferred compensation benefits were estimated to be valued at $618,138.38 with a FICA tax assessment of $8,963.01. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Fahrenbach only received $143,389.58 in benefits. *Id*. at 1. Mr. Fahrenbach filed a refund claim of $6,884 with the IRS for the HI portion of the FICA tax, and the refund claim was dated August 24, 2007 and stamped received by the IRS on August 28, 2007. *Id.* at 2.

- Michael W. Fitch retired from United Airlines on September 1, 2002. *See* [ECF 28-1] at 2. At the time of his retirement, Mr. Fitch's non-qualified deferred compensation benefits were estimated to be valued at $582,118.83 with a FICA tax assessment of $8,440.72. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Fitch only received $181,953.73 in benefits. *Id*. at 2. Mr. Fitch filed a refund claim of $5,802.65 with the IRS for the HI portion of the FICA tax, and the refund claim was dated January 30, 2007 and stamped received by the IRS on February 2, 2007. *Id*. at 1.

- Peter H. Friedman retired from United Airlines on December 21, 2002. *See* [ECF 29-1] at 2. At the time of his retirement, Mr. Friedman's non-qualified deferred compensation benefits were estimated to be valued at $680,535.00 with a FICA tax assessment of $9,868. *Id*. Due to the United Airlines bankruptcy, Mr. Friedman only received $128,646 in benefits. *Id*. at 6. Mr. Friedman filed a refund claim of $8,003 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked March 10, 2007. *Id*. at 1, 5.

- Wayne E. Gate retired from United Airlines on June 30, 2002. *See* [ECF 42-1] at 1. At the time of his retirement, Mr. Gate's non-qualified deferred compensation benefits were estimated to be valued at $819,496 with a FICA tax assessment of $11,882.69. *Id*. at 6. Due to the United Airlines bankruptcy, Mr. Gate only received $251,597.06 in benefits. *Id*. at 2-3. Mr. Gate filed a refund claim of $8,234.53 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked on October 10, 2007. *Id.* at 1-2, 9.

- Milton F. Gray retired from United Airlines on July 21, 2002. *See* [ECF 30-1] at 1. At the time of his retirement, Mr. Gray's non-qualified deferred compensation benefits were estimated to be valued at $687,581.26 with a FICA tax assessment of $9,969.93. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Gray only received $231,450.61 in benefits. *Id*. at 1. Mr. Gray filed a refund claim of $6613.90 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 24, 2007. *Id*. at 2, 19.

- Jay A. Halstead retired from United Airlines on March 21, 2002. *See* [ECF 9-2] at 2. At the time of his retirement, Mr. Halstead's non-qualified deferred compensation benefits were estimated to be valued at $929,905.10 with a FICA tax assessment of $13,483.62. [ECF 9-1] at 3. Due to the United Airlines bankruptcy, Mr. Halstead only received $192,053.14 in benefits. *Id*. In December 2007, Mr. Halstead allegedly filed a refund claim with the IRS for the HI portion of the FICA tax in the amount of $6,658.75. [ECF 9-2] at 2-3; [ECF 9-1] at 4.

- James L Holbrook retired from United Airlines on November 1, 2002. *See* [ECF 32-1] at 2. At the time of his retirement, Mr. Holbrook's non-qualified deferred compensation benefits were estimated to be valued at $417,786.78 with a FICA tax assessment of $6,057.91. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Holbrook only received $132,947.29 in benefits. *Id*. at 2. Mr. Holbrook filed a refund claim of $4,130.17 with the IRS for the HI portion of the FICA tax, and the refund claim was dated February 26, 2009 and stamped received by the IRS on March 4, 2009. *Id*. at 1.

- Carl G. Householder retired from United Airlines in May 2002. *See* [ECF 44-1] at 6. At the time of his retirement, Mr. Householder's non-qualified deferred compensation benefits were estimated to be valued at $602,711.11 with a FICA tax assessment of $8,739.31. *Id*. at 7. Due to the United Airlines bankruptcy, Mr. Householder only received $176,658 in benefits. *Id*. at 6. Mr. Householder filed a

refund claim of $6,178 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 24, 2007 and stamped received by the IRS on November 27, 2007. *Id*. at 1-2.

- Robert T. Hughes retired from United Airlines on December 1, 2002. *See* [ECF 45-1] at 3. At the time of his retirement, Mr. Hughes' non-qualified deferred compensation benefits were estimated to be valued at $25,230.56 with a FICA tax assessment of $1,930.13. *Id*. at 5. Due to the United Airlines bankruptcy, Mr. Hughes only received $5,629.72 in benefits. *Id*. at 4, 8. Mr. Hughes filed a refund claim of $1,499.46 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 19, 2007 and stamped received by the IRS on November 26, 2007. *Id*. at 2.

- Philip E. Jach retired from United Airlines on January 1, 2002. *See* [ECF 46-1] at 2. At the time of his retirement, Mr. Jach's non-qualified deferred compensation benefits were estimated to be valued at $548,036.44 with a FICA tax assessment of $7,946.53. *Id*. at 16. Due to the United Airlines bankruptcy, Mr. Jach only received $215,297.32 in benefits. *Id*. at 3. Mr. Jach filed a refund claim of $4,847.38 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 28, 2007. *Id*. at 1.

- Arthur C. Jackson retired from United Airlines on November 1, 2002. *See* [ECF 47-1] at 2. At the time of his retirement, Mr. Jackson's non-qualified deferred compensation benefits were estimated to be valued at $915,542.30 with a FICA tax assessment of $13,275.36. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Jackson only received $315,243.43 in benefits. *Id*. at 2. Mr. Jackson filed a refund claim of $8,704.33 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 27, 2007. *Id*. at 1, 18.

- Patrick F. Keeley retired from United Airlines on December 31, 2002. *See* [ECF 33-1] at 1. At the time of his retirement, Mr. Keeley's non-qualified deferred compensation benefits were estimated to be valued at $835,410.64 with a FICA tax assessment of $12,185.32. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. Keely only received $214,527.34 in benefits. *Id*. at 1. Mr. Keely filed a refund claim of $9,074.67 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 11, 2007. *Id*. at 1, 18.

- Michael J. McBride retired from United Airlines in 2002. *See* [ECF 34-1] at 1. At the time of his retirement, Mr. McBride's non-qualified deferred compensation benefits were estimated to be valued at $728,150.42 with a FICA tax assessment of $10,558.18. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. McBride only received $275,702.43 in benefits. *Id*. Mr. McBride filed a refund claim of $6,560.50 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 26, 2007 and stamped received by the IRS on December 4, 2007. *Id*. at 1.

- Lawrence J. McClure retired from United Airlines in 2002. *See* [ECF 43-1] at 2. At the time of his retirement, Mr. McClure's non-qualified deferred compensation benefits were estimated to be valued at $594,089.64 with a FICA tax assessment of $8,614.30. *Id*. Due to the United Airlines bankruptcy, Mr. McClure did not receive his full benefits. *Id*. at 1. Mr. McClure filed a refund claim of $4,452.38 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 23, 2007 and stamped received by the IRS on November 29, 2007. *Id*.

- Thomas B. Mezger, Jr. retired from United Airlines on July 1, 2002. *See* [ECF 35-1] at 1. At the time of his retirement, Mr. Mezger's non-qualified deferred compensation benefits were estimated to be valued at $435,595.28 with a FICA tax assessment of $6,316.13. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Mezger did not receive all his benefits. Id. at 2. Mr. Mezger filed a refund claim of $6,316.13 with the IRS for the HI portion of the FICA tax, and the refund claim was dated July 20, 2007. *Id.* at 1.

- Joe C. Minick retired from United Airlines on May 1, 2002. *See* [ECF 36-1] at 4. At the time of his retirement, Mr. Minick's non-qualified deferred compensation benefits were estimated to be valued at $729,410.25 with a FICA tax assessment of $10,576.45. *Id*. at 3, 4. Due to the United Airlines bankruptcy, Mr. Minick only received $276,982.52 in benefits. *See id*. at 3. Mr. Minick filed a refund claim of $6,560.20 with the IRS for the HI portion of the FICA tax, and the refund claim dated June 25, 2009 and stamped received by the IRS on July 8, 2009. *Id*. at 1, 3.

- Richard W. Mitchell retired from United Airlines on October 1, 2002. *See* [ECF 37-1] at 2. At the time of his retirement, Mr. Mitchell's non-qualified deferred compensation benefits were estimated to be valued at $696,273.59 with a FICA tax assessment of $10,095.97. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. Mitchell only received $228,136.99 in benefits. *Id*. at 3. Mr. Mitchell filed a refund claim of $6,787.99 with the IRS for the HI portion of the FICA tax, and the refund claim was dated April 25, 2007 and stamped received by the IRS on May 7, 2007. *Id*. at 1.

- Clarence A. Mumford retired from United Airlines on March 31, 2002. *See* [ECF 38-1] at 1. At the time of his retirement, Mr. Mumford's non-qualified deferred compensation benefits were estimated to be valued at $534,349.55 with a FICA tax assessment of $7,748.07. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. Mumford did not receive all his benefits. *See id*. at 1. Mr. Mumford filed a refund claim of $5,465.19 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 15, 2007 and stamped received by the IRS on November 26, 2007. *Id.* at 4; *Koopmann*, No. 09-333 [ECF 441] at 3.

- Samuel C. O'Daniel retired from United Airlines on October 1, 2002. *See* [ECF 10-1] at 2. At the time of his retirement, Mr. O'Daniel's non-qualified deferred compensation benefits were estimated to be valued at $856,274.20 with a FICA tax assessment of $12,415.98. *Id*. at 3. Due to the United Airlines bankruptcy, Mr.

> O'Daniel only received $273,343.09 in benefits. *Id*. at 4. Mr. O'Daniel filed a refund claim of $8,452.51 with the IRS for the HI portion of the FICA tax, and the refund claim was dated May 24, 2007. *Id*. at 1.

- Darrell A. Rader retired from United Airlines on November 30, 2002. *See Koopmann*, No. 09-333 [ECF 447] at 2. At the time of his retirement, Mr. Rader's non-qualified deferred compensation benefits were estimated to be valued at $136,020.17 with a FICA tax assessment of $7,221.59. *Id*. Due to the United Airlines bankruptcy, Mr. Rader did not receive all his benefits. *Id*. Mr. Rader filed a refund claim of $7,221.59 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 27, 2007. *Id*.

- Michael D. Reich retired from United Airlines in September 2002. *See* [ECF 48-1] at 2. At the time of his retirement, Mr. Reich's non-qualified deferred compensation benefits were estimated to be valued at $665,454.61 with a FICA tax assessment of $9,649.09. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. Reich only received $150,310.28 in benefits. *Id*. at 3. Mr. Reich filed a refund claim of $7469.50 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked May 2, 2007. *See id*. at 1-3, 10.

- David L. Ringwalt, Jr. retired from United Airlines on March 31, 2002. *See* [ECF 5] at 12. At the time of his retirement, Mr. Ringwalt's non-qualified deferred compensation benefits were estimated to be valued at $515,88.63 with a FICA tax assessment of $ 7,480.39 *Id*. Due to the United Airlines bankruptcy, Mr. Ringwalt did not receive all his benefits. *Id*. at 12-13. Mr. Ringwalt filed a refund claim of $4,921.14 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 10, 2007. *Id*. at 3.

- Michael J. Severson retired from United Airlines on December 1, 2002. *See* [ECF 51-1] at 4. At the time of his retirement, Mr. Severson's non-qualified deferred compensation benefits were estimated to be valued at $363,608.50 with a FICA tax assessment of $5,272.32. *Id*. at 1. Due to the United Airlines bankruptcy, Mr. Severson only received $117,296 in benefits. *Id*. on 5. Mr. Severson filed a refund claim of $3,423 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked May 18, 2007. *Id*. at 3, 11.

- Robert A. Stabile retired from United Airlines on September 1, 2002. *See* [ECF 39-1] at 1. At the time of his retirement, Mr. Stabile's non-qualified deferred compensation benefits were estimated to be valued at $815,158 with a FICA tax assessment of $16,138.29. *Id*. Due to the United Airlines bankruptcy, Mr. Stabile only received $208,467.70 in benefits. *Id*. Mr. Stabile filed a refund claim of $8,797 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked October 16, 2007. *Id*. at 1, 7.

- Richard E. Swanson retired from United Airlines on May 1, 2002. *See* [ECF 49-1] at 1. At the time of his retirement, Mr. Swanson's non-qualified deferred

compensation benefits were estimated to be valued at $728,655.17 with a FICA tax assessment of $10,565.50. *Id*. at 8. Due to the United Airlines bankruptcy, Mr. Swanson only received $268,798.09 in benefits. *Id*. at 2. Mr. Swanson filed a refund claim of $6,667.93 with the IRS for the HI portion of the FICA tax, and the refund claim was dated June 18, 2007. *See Koopmann*, No. 09-333 [ECF 472] at 3.

The 2002 Plaintiffs are among a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his non-qualified deferred compensation benefits.[6] *See* Compl., *Koopmann*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* case seeking a FICA tax refund. *See* Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 1].

Mr. Koopmann and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases, including the 2002 Plaintiffs. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot, including the 2002 Plaintiffs, to join the *Koopmann* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. The Court eventually consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman,* 10-157 [ECF 265] at 3.

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[7]

Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint. *See* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Each of the 2002 Plaintiffs filed a short form complaint.[8] *See* Adams Short Form Compl., *Koopmann*,

---

[6] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

[7] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

[8] Ms. Halstead and Ms. O'Daniel did not file a short form complaint. However, the Court allowed them to remain in the litigation after they filed responses to the government's motion to dismiss, and the Court ordered the government

No. 09-333, [ECF 500]; Allen Short Form Compl., *Koopmann*, No. 09-333, [ECF 535]; Atkins Short Form Compl., *Koopmann*, No. 09-333, [ECF 390]; Barham Short Form Compl., *Koopmann*, No. 09-333, [ECF 512]; Barnes Short Form Compl., *Sofman*, No. 10-157, [ECF 243]; Blanchard Short Form Compl., *Koopmann*, No. 09-333, [ECF 506]; Bleyle Short Form Compl., *Barnes*, No. 09-33308, [ECF 17]; Calhoun Short Form Compl., *Koopmann*, No. 09-333, [ECF 511]; Christiansen Short Form Compl., *Koopmann*, No. 09-333, [ECF 502]; Church Short Form Compl., *Koopmann*, No. 09-333, [ECF 464]; Cline Short Form Compl., *Koopmann*, No. 09-333, [ECF 443]; Corradi Short Form Compl., *Koopmann*, No. 09-333, [ECF 435]; Dubinksy Short Form Compl., *Sofman*, No. 10-157, [ECF 244]; Fahrenbach Short Form Compl., *Koopmann*, No. 09-333, [ECF 518]; Fitch Short Form Compl., *Sofman*, No. 10-157, [ECF 250]; Friedman Short Form Compl., *Sofman*, No. 10-157, [ECF 238]; Gate Short Form Compl., *Koopmann*, No. 09-333, [ECF 541]; Gray Short Form Compl., *Koopmann*, No. 09-333, [ECF 488]; Holbrook Short Form Compl., *Koopmann*, No. 09-333, [ECF 530]; Householder Short Form Compl., *Koopmann*, No. 09-333, [ECF 473]; Hughes Short Form Compl., *Koopmann*, No. 09-333, [ECF 508]; Jach Short Form Compl., *Koopmann*, No. 09-333, [ECF 522]; Jackson Short Form Compl., *Koopmann*, No. 09-333, [ECF 478]; Keeley Short Form Compl., *Koopmann*, No. 09-333, [ECF 442]; McBride Short Form Compl., *Koopmann*, No. 09-333, [ECF 433]; McClure Short Form Compl., *Koopmann*, No. 09-333, [ECF 524]; Mezger Short Form Compl., *Koopmann*, No. 09-333, [ECF 485]; Minick Short Form Compl., *Koopmann*, No. 09-333, [ECF 462]; Mitchell Short Form Compl., *Koopmann*, No. 09-333, [ECF 456]; Mumford Short Form Compl., *Koopmann*, No. 09-333, [ECF 441]; Rader Short Form Compl., *Koopmann*, No. 09-333, [ECF 447]; Reich Short Form Compl., *Koopmann*, No. 09-333, [ECF 475]; Ringwalt Short Form Compl., *Koopmann*, No. 09-333, [ECF 490]; Severson Short Form Compl., *Sofman*, No. 10-157, [ECF 248]; Stabile Short Form Compl., *Koopmann*, No. 09-333, [ECF 528]; Swanson Short Form Compl., *Koopmann*, No. 09-333, [ECF 472].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. As the only plaintiffs who appeared to have retired in 2002, Plaintiffs Adams, Allen, Atkins, Barham, Blanchard, Calhoun, Christiansen, Church, Cline, Corradi, Fahrenbach, Fitch, Friedman, Gates, Gray, Holbrook, Householder, Hughes, Jach, Jackson, Keeley, McBride, McClure, Mezger, Minick, Mitchell, Mumford, Rader, Reich, Severson, and Stabile were assigned to the instant case. *See id*. at 3. The Court transferred the complaints of Plaintiffs Barnes, Bleyle, Dubinsky, O'Daniel, Ringwalt, and Swanson to this case after the government discovered more information relating to their respective complaints. *See* Sep. 17, 2021 Order, *Barnes, et al. v. United* States, No. 09-33308 [ECF 5]; Jan. 4, 2022 Order, *Barnes, et al. v. United States*, No. 09-33308 [ECF 11]; June 13, 2022 Order, *Barnes*, No. 09-33308 [ECF 23; Jan. 4, 2022 Order, *Koopmann*, No. 09-333 [ECF 586]. On September 29, 2022, the government moved to dismiss the complaints of the 2002 Plaintiffs for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 53]. The 2002 Plaintiffs each signed onto a combined response, which was filed on November 7, 2022. Pls.' Resp. [ECF 54]. The government filed its reply on December 15, 2022. Def.'s Reply [ECF 55]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

---

to supplement their information with available information from the IRS to satisfy the RCFC 9(m) requirements. *Connie L. Adams*, No. 09-33309, [ECF 4] at 5.

## II.     LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.    DISCUSSION

The government asserts that this Court lacks jurisdiction over the complaints filed by the 2002 Plaintiffs because "the administrative claims filed by the 2002 [P]laintiffs were untimely, and their refund claims . . . are barred by I.R.C. § 6511." [ECF 53] at 4.[9] This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such

---

[9] In their combined response to the government's motion to dismiss, the 2002 Plaintiffs state "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's] motion to dismiss him are their arguments in response, as well." [ECF 54] at 6; *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. Accordingly, the Court treats the 2002 Plaintiffs as making the same arguments in response to the government's motion to dismiss in this case as Mr. Biestek made in response to the government's motion to dismiss in his case, which the Court considered in *Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022).

periods expires the later[.]" I.R.C. § 6511(a). Additionally, when calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

> (1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and
>
> (2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

Following the individual retirements of the 2002 Plaintiffs, United Airlines paid the applicable FICA taxes on their respective non-qualified deferred compensation benefits.[10] According to IRS transcripts,[11] United Airlines filed its quarterly returns for the year 2002 on April 30, 2002, July 31, 2002, October 31, 2002, and January 31, 2003. *See* Def.'s Ex. A [ECF 53-1] at 3, 11, 18, 26. Because all the returns for the 2002 tax year were filed before April 15, 2003, these returns are considered filed as of April 15, 2003. *See* I.R.C. § 6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than January 2, 2003. *See* [ECF 53-1] at 30. Because all the tax deposits for the 2002 tax year were made before April 15, 2003, these returns are considered paid as of April 15, 2003. *See* I.R.C. § 6513(c)(2). Under these circumstances, the 2002 Plaintiffs were required by § 6511 to file their refund claims with the IRS by April 15, 2006—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* I.R.C. § 6511. The earliest date on which any of the 2002 Plaintiffs filed their individual tax refund claim was February 2, 2007—the date Mr. Fitch filed his tax refund claim. *See* [ECF 28-1] at 1.[12] Because none of the 2002 Plaintiffs' tax refund claims were

---

[10] The relevant citations are provided in the Background section. *See supra* Section I.

[11] The 2002 Plaintiffs argue that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on their behalf. *Biestek*, No. 09-33301 [ECF 9] at 3. This argument is meritless. The 2002 Plaintiffs never argue that United Airlines failed to report their wages on its quarterly tax returns or to make payment of the FICA taxes attributable to their wages. Furthermore, the documentation provided by the 2002 Plaintiffs shows that United Airlines paid the FICA taxes on their behalf at the time of their respective retirements as required by IRS regulations. *See supra* Section I.

[12] March 10, 2007, [ECF 29-1] at 5 (Friedman); March 23, 2007, [ECF 18-1] at 1 (Adams); April 10, 2007, [ECF 50-1] at 10, 14 (Cline); April 28, 2007, [ECF 46-1] at 1 (Jach); May 1, 2007, [ECF 23-1] at 1, 10 (Blyle); May 2, 2007, [ECF 3] at 3 (Dubinsky); May 2, 2007, [ECF 48-1] at 1-3, 10 (Reich); May 7, 2007, [ECF 37-1] at 1 (Mitchell); May 18, 2007, [ECF 51-1] at 3, 11 (Severson); May 24, 2007, [ECF 10-1] at 1 (O'Daniel); June 1, 2007, *Koopmann*, No. 09-333, [ECF 390] at 9 (Atkins); June 18, 2007, *Koopmann*, No. 09-333, [ECF 472] at 3 (Swanson); July 20, 2007, [ECF 35-1] at 1 (Mezger); August 28, 2007, [ECF 41-1] at 2 (Fahrenbach); October 3, 2007, [ECF 26-1] at 1, 2 (Church); October 10, 2007, [ECF 42-1] at 1-2, 9 (Gate); October 16, 2007, [ECF 39-1] at

timely filed as required by § 6511, the Court lacks jurisdiction to consider any of their tax refund suits. The Court reaches this conclusion despite the 2002 Plaintiffs' arguments that the § 6511 time limitations do not bar their tax refund suits.

In their combined response to the government's motion to dismiss, the 2002 Plaintiffs adopt the same arguments raised by Mr. Biestek in his response to the government's motion to dismiss in his case. *See* [ECF 54] at 6 (stating "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's] motion to dismiss him are their arguments in response, as well"); *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. The Court considered and rejected these arguments in *Biestek*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at *4-5. For the same reasons stated in *Biestek*, the Court rejects these arguments in this case.

In addition to adopting the arguments raised by Mr. Biestek, the 2002 Plaintiffs also raise several additional arguments. *See* [ECF 54] at 1. The additional arguments challenge the constitutionality of the IRS assessing and collecting FICA taxes on non-qualified deferred compensation prior to the compensation being received by the taxpayer, as well as the application of the time limitations under § 6511 to FICA tax refund claims. *See id.* at 2 (arguing that the caselaw relied upon by the government in its motion to dismiss is inapplicable because the cases involve "taxpayers [who] received all the taxed income and the taxes were assessed and collected one year at a time, as all U.S. income taxes are required to be administered."); *see id.* at 3 (arguing that the initial "tax was taken unconstitutionally because it did not tax income received, but the right to future income."); *see id.* at 5 (arguing that "[i]n taxing [their] rights to projected and unfunded retirement benefits, and not income, that taxing was unconstitutional"); *see id.* (arguing that "[t]he [s]tatute of [l]imitations [under] § 6511(a) cannot apply to more than one year at a time or to years when no refund was requested"); *see id.* at 6 (arguing that "before [the Court] can surrender jurisdiction [under the § 6511 time limitation], it must first determine if the taxing was [c]onstitutional" and that "[a]llowing the § 6511(a) time statute to apply to start the time limit in years when [p]laintiffs had no right to claim a refund because they were receiving the taxed income violates their Constitutional rights to due process and denies them equal protection."). These challenges were largely addressed by the Federal Circuit in *Balestra* and *Koopmann*.[13]

---

1, 7 (Stabile); November 7, 2007, [ECF 24-1] at 1, 8 (Calhoun); November 26, 2007, [ECF 20-1] at 1 (Barham); November 26, 2007, [ECF 45-1] at 2 (Hughes); November 26, 2007, [ECF 38-1] at 4 (Mumford); November 27, 2007, [ECF 44-1] at 1-2 (Householder); November 29, 2007, [ECF 43-1] at 1 (McClure); December 2007, [ECF 9-1] at 4, [ECF 9-2] at 2-3 (Halstead); December 4, 2007, [ECF 34-1] at 1 (McBride); December 10, 2007, [ECF 5] at 3 (Ringwalt); December 11, 2007, [ECF 19-1] at 7 (Allen); December 11, 2007, [ECF 33-1] at 1, 18 (Keeley); December 21, 2007, [ECF 25-1] at 1 (Christiansen); December 24, 2007, [ECF 30-1] at 2, 19 (Gray); December 27, 2007, [ECF 47-1] at 1, 18 (Jackson); December 27, 2007, *Koopmann*, No. 09-333, [ECF 447] at 2 (Rader); January 15, 2008, [ECF 22-1] at 1 (Blanchard); March 4, 2009, [ECF 32-1] at 1 (Holbrook); May 4, 2009, [ECF 27-1] at 1-2 (Corradi); July 8, 2009, [ECF 36-1] at 1, 3 (Minick); February 16, 2010, [ECF 40-1] at 4 (Barnes).

[13] To the extent the 2002 Plaintiffs challenge the constitutionality of IRC § 3121, the Court is unable to address this challenge because the 2002 Plaintiffs' respective tax refund claims were filed outside of the time limitations under § 6511 and thus this Court does not possess jurisdiction over such challenge. *See Clintwood*, 553 U.S. at 14.

In *Balestra*, the Federal Circuit considered and upheld the method in which the IRS assesses and collects FICA taxes on non-qualified deferred compensation under the special timing rules. 803 F.3d at 1374 (finding that "Treasury explained that it sought simple, workable, and flexible rules when valuing future benefits. It devised a regulation that satisfied these goals while comporting with the governing statute. This is neither arbitrary nor capricious."). Further, in *Koopmann*, the Federal Circuit considered and upheld the application of the time limitations under § 6511 to refund claims for FICA taxes paid on deferred compensation. *Koopmann*, 2022 WL 1073340, at *5 ("[A]ny refund claim for recovery of the FICA tax imposed on [] deferred compensation retirement benefits [is] subject to the time limitations set forth in I.R.C. § 6511(a)"). The Federal Circuit also considered and rejected arguments regarding the potential unfairness resulting from application of the § 6511 time limitations on FICA tax refund claims. *See id.* at *6 ("As a general proposition, the Supreme Court has made clear that equitable considerations do not override Congress's judgment as to the time limitations for filing a tax refund claim."). The Court will not depart from the Federal Circuit's decisions on these issues.

### IV.    CONCLUSION

For the reasons stated above, the government's motion to dismiss [ECF 53] is **GRANTED**. The complaints of Charles M. Adams; James R. Allen; Louis C. Atkins; William C. Barham; Clifford K. Barnes; Donald A. Blanchard; George M. Bleyle (on behalf of George A. Bleyle, Jr.); Curtis E. Calhoun; Martha L. Christiansen (on behalf of Carl R. Christiansen); Constance C. Church (on behalf of Stephen H. Church); George E. Cline; John M. Corradi; Frederick C. Dubinsky; David J. Fahrenback; Michael W. Fitch; Peter H. Friedman; Wayne E. Gate; Milton F. Gray; Carol A. Halstead (on behalf of Jay A. Halstead); James L. Holbrook; Carl G. Householder; Robert T. Hughes; Philip E. Jach; Arthur C. Jackson; Patrick F. Keeley; Michael J. McBride; Lawrence J. McClure; Thomas B. Mezger, Jr.; Joe C. Minick; Molly L. McGrew (on behalf of Richard W. Mitchell); Clarence A. Mumford; Judy A. O'Daniel (on behalf of Samuel C. O'Daniel); Darrell A. Rader; Michael D. Reich; David L. Ringwalt, Jr.; Michael J. Severson; Robert Stabile; and Richard E. Swanson are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
